# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DARIN GLENN                           *

Petitioner                            *

v                                     *       Civil Action No. RDB-15-3425

KEITH L. LYONS and                    *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND                     *

Respondents                           *
                                      ***

## MEMORANDUM OPINION

In answer to the above-entitled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, Respondents assert that the petition must be dismissed as untimely. ECF 11. Petitioner was provided an opportunity to file a Reply addressing the timeliness of the petition and asserting, if applicable, any basis for equitable tolling of the filing deadline. ECF 12 & 14. Petitioner instead filed Motions for Appointment of Counsel. ECF 15 & 16. Upon review of the pleadings filed, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons stated below, Petitioner's motions will be denied, the Petition shall be dismissed as untimely, and a Certificate of Appealability shall not issue.

## BACKGROUND

On April 20, 1999, Petitioner Darin Glenn was found guilty of first degree murder, attempted second degree murder, and related offenses in the Circuit Court for Baltimore City.

ECF 11 at Ex. 1 and 2. On June 8, 1999, Glenn was sentenced to serve a life sentence plus a consecutive term of 40 years. *Id.* Glenn's conviction was affirmed on June 15, 2000 in an unreported opinion from the Court of Special Appeals of Maryland. *Id.* at Ex. 2. Further review was denied on November 13, 2000, when the Court of Appeals declined further review. *Id.* Glenn did not file a Petition for Writ of Certiorari with the United States Supreme Court. For purposes of calculating the federal habeas corpus deadline, Glenn's conviction became final as of February 12, 2001, the date the time for seeking review with the United States Supreme Court expired. *See* Sup. Ct. Rule 13.1 (90 day period of time for filing certiorari petition).

On November 2, 2001, Glenn filed a petition for post-conviction relief in the Circuit Court for Baltimore City. ECF 11 at Ex. 1. At that time, 262 days elapsed where no legal proceedings regarding the conviction were pending in the Maryland courts which would operate to toll the filing deadline to seek federal habeas relief, leaving Glenn with 103 days to file a federal habeas petition at the conclusion of post-conviction proceedings.

On November 24, 2003, Glenn withdrew his petition for post-conviction relief without prejudice. *Id.* The withdrawal of the petition operated to begin the federal habeas limitations period running again. *See Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) (per curiam) (AEDPA clock restarts when state court completes post-conviction review); *Lawrence v. Florida,* 549 U.S. 327 (same). The 103 days left on the 365 day limitations period expired on March 8, 2004.

Glenn filed another petition for post-conviction relief on November 3, 2008, which was denied on July 22, 2014. Glenn filed an application for leave to appeal the post-conviction court's denial of relief with the Maryland Court of Special Appeals, which was denied on April 16, 2015. ECF 11 at Ex. 3. The mandate issued on May 18, 2015.

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) citing *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, Glenn must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330. A federal habeas petition does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 175 (2001) (a federal habeas petition is not an application for State post-conviction or

3

other collateral review within the meaning of §2244(d)(2) and therefore does not toll the limitation period while it is pending).

## DISCUSSION

As previously noted, Glenn was advised of his right to file a Reply addressing Respondents' assertions that he is not entitled to avail himself of an equitable tolling of the filing deadline. Glenn has instead filed two Motions for Appointment of Counsel noting that he cannot afford counsel, he does not have access to a law library, and the failure to appoint counsel will result in "fundamental unfairness impinging on his due process rights under the Fifth and Fourteenth [Amendments] of the United States Constitution." ECF 15 & 16. A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing § 2254 Cases provides that this Court must appoint counsel "[i]f an evidentiary hearing is warranted."

In his Petition as supplemented, Glenn asserts that he was "represented by the Office of the Public Defender from 2001 through 2014 and was under the belief that his post-conviction petition had been actually filed with the court." ECF 8 at p. 5. He further asserts that his Fourteenth Amendment rights to due process of law were violated when the post-conviction court did not issue an opinion giving a statement of reasons for the denial of relief as required by Md. Rule 4-407(b) and (d). *Id.* at p. 9. He also claims that his due process rights were violated when the Maryland Court of Special Appeals denied a motion for reconsideration as untimely when it should have been considered timely under the prison mailbox rule. *Id.* These are the only two grounds for relief raised by Glenn.

4

To the extent that Glenn's assertion regarding his belief that the public defender was pursuing a post-conviction petition on his behalf can be construed as a possible basis for equitable tolling, the argument fails. Whether the Collateral Review Division of the Public Defender's Office was actively pursuing post-conviction relief on Glenn's behalf has no impact on the federal habeas deadline. Glenn does not allege that the same attorneys were in charge of assuring that he would be able to file a federal habeas petition after state collateral proceedings were concluded, nor can he allege it. The involvement of the public defender's office in state post-conviction proceedings is not a matter beyond Glenn's control, nor does it form a basis for equitable tolling of the filing deadline. *See Rouse v. Lee*, 339 F. 3d 238, 257 (4th Cir. 2003), (declining to apply the doctrine of equitable tolling in a death penalty habeas where attorney error caused the deadline to be missed by one day). Additionally, the alleged procedural error regarding Glenn's motion for reconsideration, occurred after the 365 day filing deadline expired and thus does not operate to toll the filing period. The petition must be dismissed as untimely.

## CONCLUSION

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)), *see also Buck v. Davis,* —— U.S. ——, 137 S. Ct. 759, 773 (February 22 2017) (citing *Miller-El v. Cockerell,* 537 U.S. 322, 336 (2003)).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). The instant petition and the matters it concerns do not satisfy the standard for the issuance of a Certificate of Appealability.

A separate Order follows.

July 7, 2017
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

6